WILL—EXECUTION.
> Parts of a will were written on the first and third pages of a printed blank of four pages, while the signature of the testator and the attestation clause were on the second page. No attempt had been made to make the third page a part of the will. *Held*, that there was no such compliance with 2 Rev. St. p. 63, § 40, subd. 1, requiring a will to be subscribed by the testator at the end of the will, as rendered it valid.

In the matter of the probate of the will of Adolph Donner, deceased. Proposed will rejected.

Huberty & Greifenstien, for petitioner.
Richard M. Bruno, for contestants August Koch and others.
Emanuel Klein, for contestant Margaret Büttnel.
Ketcham & Owens, for St. Barbara's R. C. Church.

CHURCH, S. The hearing of this matter illustrates very forcibly the folly of persons not consulting lawyers on their legal matters, but employing persons who, as commissioners of deeds or notaries, assume to be able to discharge the duties of attorneys. In this case the party undertaking to draw and execute the will of the deceased was simply a commissioner of deeds, who apparently knows nothing of the requirements necessary to be followed in executing a will, except what might be learned from a blank such as could be secured from any stationer's. The execution of this will is plainly in violation of the statute. It appears that the proposed will is drawn on a printed blank, which consists of four pages, on the second page of which there is a place for the signature of the party making the will, and following it, on the same page, was a printed attestation clause. The third page was a blank, it acting as a back for the paper. It appears that the paper has the signature of the deceased and the witnesses on the second page, and on the third page there are a number of provisions as if it was a part of the will. But there is not the slightest attempt to make it a part of the will; not even the effort to number it as page two. In Re Andrews' Will, 162 N. Y. 1, 56 N. E. 529, 48 L. R. A. 662, 76 Am. St. Rep. 294, it was held, under similar circumstances, that it was not a subscription "at the end of the will." But it appears here, in

.addition, that one of the subscribing witnesses says he never saw the third page, as it was folded out of sight, and he simply saw the second page, on which the deceased and the witnesses signed. It is unfortunate that the blunders and ignorance of this commissioner of deeds should thwart the intention of the deceased, but .as was said in Re Andrews' Will, supra: "It is better this should happen under a proper construction of the statute than that the individual case should be permitted to weaken those provisions calculated to protect testators generally from fraudulent alterations of their wills." The result of this case should serve as a further warning to persons that the employment of incompetent persons instead of lawyers is a false economy. Let a decree be entered rejecting the proposed will.

Probate denied.